UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:  2:20-cv-09527-MWF-MAA                      Date:  November 5, 2020

Title:  Jared Martin v. R. Fisher, Jr.

Present:  The Honorable MARIA A. AUDERO, United States Magistrate Judge

| James Muñoz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**     Order re: Filing of Petition

On September 28, 2020, the Court received and filed Petitioner Jared Martin's ("Petitioner") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254") ("Petition"). (Pet., ECF No. 1.)  The Petition alleges eight grounds for federal habeas relief:

Ground 1:  Due process claim based on governmental misconduct, alleging that Petitioner's public defender gave him false information and "tricked [Petitioner] into pleading to the charges[.]"  (*Id.* at 5.)[1]

Ground 2:  Due process claim alleging prosecutorial misconduct based on the prosecutor's decision to press charges despite the lack of victims or witnesses.  (*Id.* at 5–6.)

Ground 3:  Due process and Confrontation Clause claims alleging that Petitioner's attorney did not let him in the courtroom while the victims or witnesses were testifying and told him to plead guilty to a crime he did not commit.  (*Id.* at 6.)

Ground 4:  Actual innocence claim based on Petitioner's allegation that he "never assaulted anyone[.]"  (*Id.*)

Ground 5:  Ineffective assistance of counsel claim alleging that Petitioner plead no contest to the assault charge because his lawyer lied to him.  (*Id.*)

---

[1] Pinpoint citations of documents in this Order refer to the page numbers appearing in the ECF-generated headers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-09527-MWF-MAA                                      Date:  November 5, 2020

Title:     Jared Martin v. R. Fisher, Jr.

  Ground 6: Duress, based on Petitioner's lawyer's alleged lie that Petitioner's family "had conspired to send him to prison[.]"  (*Id.* at 7.)

  Ground 7: Due process claim based on the appellate court's refusal to allow Petitioner to withdraw his plea.[2]  (*Id.*)

  Ground 8: A claim that Petitioner's plea was the result of unconstitutional coercion.  (*Id.*)[3]

  Petitioner attaches documents from state court, including, as relevant to the current Section 2254 petition:  a September 2, 2020 habeas petition addressed to the California Supreme Court, (*id.* at 88–99); an excerpt of the Los Angeles Superior Court's docket sheet relating to the criminal judgment Petitioner now challenges (*id.* at 100–13); an August 2020 Los Angeles Superior Court order denying Petitioner's petition for writ of habeas corpus (*id.* at 119–20); and the docket sheet corresponding to this August 2020 order, (*id.* at 121–22).[4]

---

[2] Petitioner attached a Los Angeles County Superior Court decision denying his motion to withdraw a plea.  (Pet. 114–15.)  However, this decision appears to relate to a different criminal conviction with a sentencing date of February 26, 2013 and a case number of BA 403186.  (*Id.* at 114, 116.)

[3] Attached to the Petition is a handwritten "petition for writ of mandamus" which is difficult to decipher and appears to seek mandamus relief in state court proceedings.  (Pet. 12–87.)  The Court notes that to the extent Petitioner seeks mandamus relief, this Court lacks jurisdiction to issue such an order.  *See* 28 U.S.C. § 1361 (conferring limited jurisdiction over mandamus actions); *Demos v. U.S. Dist. Ct.*, 925 F. 2d 1160, 1161 (9th Cir. 1991) ("[T]his court lacks jurisdiction to issue a writ of mandamus to a state court."); *see also Kinney v. Clerk of Cal. Ct. of Appeal*, 708 F. App'x 420, 421 (9th Cir. 2017) (Mem.) (citing *Demos* and holding that the Ninth Circuit lacked jurisdiction to issue an order directing California Court of Appeal to docket petitioner's appeal).

[4] The Court takes judicial notice of the state court filings and decisions relating to this conviction.  *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001) (taking judicial notice of "relevant state court documents" because they "have a direct relationship to" federal habeas proceedings), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-09527-MWF-MAA                                             Date:  November 5, 2020

Title:      Jared Martin v. R. Fisher, Jr.

      As discussed below, the Petition suffers from certain procedural defects that must be resolved before Petitioner may proceed with this action.  The Court **ORDERS** Petitioner to respond to the following issues by no later than **December 7, 2020**.

**Exhaustion**

      A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts "in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted).  For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court.  *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California).  A claim has been fairly presented if the petitioner presents "both the operative facts and the federal legal theory on which his claim is based."  *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks omitted); *accord Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).  The Court may raise exhaustion issues sua sponte and may summarily dismiss a petition without prejudice on exhaustion grounds.  *See Stone v. San Francisco*, 968 F.2d 850, 855–56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

      Here, Petitioner has presented to the California Supreme Court each of the claims for which he now seeks relief.  (Pet. 88–99.)  However, it is unclear whether the California Supreme Court has decided these claims.  The Petition states that Petitioner's habeas corpus petition to the California Supreme Court remains pending.  (*Id.* at 9.)  Petitioner has not provided a case number for this state habeas corpus action.  (*See id.*)  The Court's search of the California Supreme Court's case information website by Petitioner's name revealed two recent habeas petitions: No. S264500, which was filed on September 17, 2020 and denied on October 28, 2020; and No. S264401, which was filed on September 11, 2020 and denied on October 28, 2020.  *See* Case Information, https://www.courts.ca.gov/10029.htm (follow "Search Case Information" hyperlink and search for "Jared Martin" in "Search by Party" search bar) (last visited Nov. 3, 2020).  However, without more information, it is unclear whether either of these denials related to the instant habeas corpus petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   2:20-cv-09527-MWF-MAA                                             Date:  November 5, 2020

Title:      Jared Martin v. R. Fisher, Jr.

Petitioner must fairly present his claims to the state's highest court before he may maintain a suit in this federal district court.  *See Gatlin*, 189 F.3d at 888.  Exhaustion is not complete where all of Petitioner's claims were raised in a state habeas petition that remains pending before the California Supreme Court.  *See Smith v. Patton State Hosp.*, No. EDCV 17-0441-JFW-KK, 2017 U.S. Dist. LEXIS 57490, at *4–5 (C.D. Cal. Apr. 12, 2017).  Thus, in the event that the California Supreme Court has not yet ruled on Petitioner's habeas corpus petition, the Petition would be subject to summary dismissal without prejudice.  *See* 28 U.S.C. § 2254(b)(1)(A).

Before the Court recommends dismissal of the action, the Court will afford Petitioner an opportunity to respond.  Petitioner is **ORDERED** to show cause why the Court should not recommend dismissal of the Petition for failure to exhaust claims in state court.  Petitioner shall respond to this Order to Show Cause in writing by no later than **December 7, 2020**.  Petitioner may discharge the Order to Show Cause by filing one of the following three documents:

(1) <u>Response to Order to Show Cause</u>.  If Petitioner contends that he has exhausted his state-court remedies, he may explain this clearly in a written response to this Order to Show Cause.  Specifically, if the California Supreme Court has issued a decision on Petitioner's September 2020 habeas corpus petition, Petitioner should provide the case number and date of the order granting or denying this petition, and if possible, attach to his response a copy of the California Supreme Court's decision.  Petitioner also may indicate that, in the event the Court still finds that the claims are unexhausted, he selects one of the options discussed below.

(2) <u>Request for *Rhines* Stay</u>.  Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition.  He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless—for example, by citing the Supreme Court authority upon which he is relying in support of that claim.  Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay.  *See Rhines*, 544 U.S. at 277–78.

(3) <u>Notice of Dismissal</u>.  Petitioner may file a notice of dismissal of his Petition.  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:  2:20-cv-09527-MWF-MAA                                      Date:  November 5, 2020

Title:    Jared Martin v. R. Fisher, Jr.

**Petitioner expressly is cautioned that failure to respond to this Order by December 7, 2020 will result in a recommendation that the Petition be dismissed without prejudice for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A), and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

### Statute of Limitations

Petitioner states that he pleaded no contest to one count of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)) on January 13, 2003 and was sentenced to thirty days of county jail and three years of probation on January 13, 2007.  (Pet. 2.)  Petitioner attached an excerpt of the docket sheet for this case, Los Angeles County Superior Court No. 2CM09670, which confirms that Petitioner pleaded no contest to one count of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)) on January 13, 2003.  (*Id.* at 102–03.)  At that time, the Court suspended imposition of a sentence, but placed Petitioner on summary probation for a period of thirty-six months and ordered him to pay restitution.  (*Id.* at 103.)  This excerpt of the docket sheet also shows that Petitioner failed to appear in court for over a year and was taken into custody on a probation violation in September 2004.  (*Id.* at 103–05.)  The excerpt does not include Petitioner's 2007 sentencing.  (*See id.* at 100–13.)

On July 31, 2020, Petitioner filed a petition for writ of habeas corpus challenging this conviction with the Los Angeles County Superior Court.  (Pet. 3.)  The Superior Court denied the petition on August 25, 2020.  (*Id.* at 4.)  Petitioner attached a copy of the Superior Court's order.  (*Id.* at 119–20.)  Next, Petitioner filed a habeas corpus petition with the California Supreme Court, which is dated September 2, 2020.  (*Id.* at 88–99.)

Petitioner then commenced this federal action.  Petitioner states that he submitted the Petition for mailing on September 23, 2020.  (*Id.* at 312.)  Accordingly, for the purpose of this Order to Show Cause, the Court will assume the Petition was constructively filed on September 23, 2020.  *See Campbell v. Henry*, 614 F.3d 1056, 1058–59 (9th Cir. 2010) ("Under the mailbox rule, a prisoner's pro se habeas petition is deemed filed when he hands it over to prison authorities for mailing to the relevant court." (citation and quotation marks omitted)); *accord* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-09527-MWF-MAA                                Date:  November 5, 2020

Title:     Jared Martin v. R. Fisher, Jr.

District courts may consider *sua sponte* whether a state habeas petition is untimely and may dismiss a petition that is untimely on its face after providing the petitioner with an opportunity to respond.  *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012).  As discussed below, setting aside the merits of Petitioner's claim for relief, the Petition appears to be untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on all federal habeas petitions filed by persons in custody pursuant to the judgment of a state court.  *See* 28 U.S.C. § 2244(d) ("Section 2244(d)").  Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A)     the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> > (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The Court must evaluate the commencement of the limitation period on a claim-by-claim basis.  *See Mardesich v. Cate*, 668 F.3d 1164, 1169–71 (9th Cir. 2012); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

Here, it appears that the AEDPA limitation period trigger is the date on which Petitioner's criminal judgment became final.  Petitioner states that he was sentenced on January 13, 2007.  (Pet. 2.)  Petitioner further states that he did not appeal his conviction or sentence.  (*Id.* at 2–3.)  Accordingly, his conviction became final sixty days after his sentencing, on March 14, 2007.  *See* Cal. R. Ct. 8.308(a) (providing sixty days after rendition of judgment to file an appeal); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (where petitioner forgoes direct appeal, judgment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   2:20-cv-09527-MWF-MAA                              Date:  November 5, 2020

Title:    Jared Martin v. R. Fisher, Jr.

becomes final when the time for seeking review in state court expires).  Thus, absent any tolling, Petitioner's deadline to file a federal habeas petition was March 13, 2008.

The limitations period is statutorily tolled while any properly filed application for post-conviction relief is pending in the state courts.  *See* 28 U.S.C. § 2244(d)(2).  Additionally, so long as the petitioner's initial state habeas petition is timely, the time between an adverse decision of a lower state court and the petitioner's timely application in a higher state court also is tolled.  *See Valdez v. Montgomery*, 918 F.3d 687, 690 (9th Cir. 2019).

In this case, Petitioner filed a habeas corpus petition with the Los Angeles County Superior Court on July 31, 2020, which was denied on August 25, 2020.  (Pet. 119–22.)  He then filed a habeas corpus petition with the California Supreme Court on September 2, 2020.  (*Id.* at 88–99.)  As discussed above, the status of that petition is unclear.

Even if the Court assumed that Petitioner's state habeas petitions were properly filed, and that Petitioner was entitled to statutory tolling from July 2020 to the present, such tolling would not cure the federal Petition's untimeliness.  The limitation period expired on March 13, 2008, years before Petitioner brought his first habeas petition in a state court.  Thus, it appears that there was no extant limitations period that possibly could be tolled.  *See, e.g.*, *Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." (quoting *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003))).

In addition to statutory tolling, the limitations period also may be subject to equitable tolling.  Equitable tolling is appropriate if a petitioner can demonstrate (1) he has diligently pursued his rights up to the time of filing his claim in federal court and (2) some extraordinary circumstance prevented him from making a timely filing despite his reasonable diligence.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Smith v. Davis*, 953 F.3d 582, 598–600 (9th Cir. 2020) (en banc).  Equitable tolling is applied sparingly, and the threshold to trigger such tolling is high.  *See, e.g.*, *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).  Here, Petitioner has not alleged any facts in the Petition indicating that he may be entitled to equitable tolling.

Finally, in rare and extraordinary cases, a convincing showing of actual innocence may serve as a gateway through which a petitioner may pass to overcome the statute of limitations.  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  The standard for a claim of actual innocence is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-09527-MWF-MAA                                            Date:  November 5, 2020

Title:    Jared Martin v. R. Fisher, Jr.

demanding:  a petitioner must "persuade[] the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  To bring a tenable claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.  The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not," and "makes a probabilistic determination about what reasonable, properly instructed jurors would do." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (alteration in original) (citations and quotation marks omitted).  Unexplained or unjustified delay in presenting new evidence is "a factor in determining whether actual innocence has been reliably shown." *Perkins*, 569 U.S. at 387.  Here, Petitioner alleges that he is actually innocent, but he does not identify any such new evidence, let alone provide evidence that casts serious doubt about the conviction and that would permit the Court to consider Petitioner's otherwise time-barred claim. *See Roberts v. Vasquez*, No. ED CV 16-2106-BRO (SP), 2017 U.S. Dist. LEXIS 188290, at *11 (C.D. Cal. Sept. 21, 2017) ("A self-serving statement is insufficient to meet the demanding *Schlup* standard."), *adopted*, 2017 U.S. Dist. LEXIS 188288 (C.D. Cal. Nov. 8, 2017).

Absent further evidence, the Petition appears to be barred as untimely pursuant to 28 U.S.C. § 2244(d)(1).  Petitioner is **ORDERED** to show cause in writing by no later than **December 7, 2020** why this Court should not recommend dismissal of this action as untimely.

Petitioner may satisfy this Order to Show Cause by filing a written response either (1) conceding that the action is untimely or (2) setting forth additional facts that would meet his burden to show (a) he is entitled to statutory tolling, (b) he is entitled to equitable tolling, or (c) new reliable evidence supports an allegation that he is actually innocent. *See, e.g.*, *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was [statutorily] tolled."); *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (acknowledging that the petitioner bears the burden of proving equitable tolling is appropriate); *Lee*, 653 F.3d at 938 (acknowledging that the petitioner bears the burden to show actual innocence).  After the Court receives Petitioner's response, the Court may prepare a Report and Recommendation of dismissal for submission to the District Judge.  This Order to Show Cause is not dispositive of Petitioner's claims for habeas relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-09527-MWF-MAA                                                      Date:  November 5, 2020

Title:   Jared Martin v. R. Fisher, Jr.

      Instead of filing a response to the Order to Show Cause, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

      **Petitioner expressly is cautioned that failure to respond to this Order to Show Cause by December 7, 2020 will result in a recommendation that the Petition be dismissed for untimeliness pursuant to 28 U.S.C. § 2244(d)(1), and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

* * *

      It is so ordered.

<u>Attachments</u>
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))