O

# United States District Court
# Central District of California

| | |
|---|---|
| JARED MARTIN<br><br>　　　　Petitioner,<br><br>vs.<br><br>R. FISHER, JR.,<br><br>　　　　Respondent. | Case №s 2:20-cv-09527-MWF-MAA<br>2:19-cv-10839-MWF-MAA<br>**ORDER DENYING PETITIONER'S MOTION TO DISQUALIFY JUDGES MICHAEL F. FITZGERALD, MARIA A. AUDERO AND OTIS D. WRIGHT MADE PURSUANT TO 28 U.S.C. § 455 [DE-20.]** |

　　　　First Petitioner Martin was dissatisfied with the OSC issued by Judge Audero so he filed a motion to have her disqualified, essentially because he disagreed with her order. [DE-6.] The disqualification motion was referred to Judge Fitzgerald for decision. Martin did not like Judge Fitzgerald decision so he filed a second motion to disqualify Judge Fitzgerald. [DE-14.] That motion was assigned to this Court.[DE-18.] This Court found the motion frivolous and denied it. [DE-19.] Naturally that action prompted yet a third motion to disqualify this Court. [DE-20.] Again, on frivolous grounds.

Once again, Martin is cautioned that "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." See *United States v. Grinnell Corp.,* 384 U.S., at 583, 86 S.Ct., at 1710. In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (. . .) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. *Liteky v. United States,* 510 U.S. 540,555 114 S.Ct. 1147, 1157. (1994).

Martin now "doubles down" on his racial bias claim, presumably it is a charge leveled at all three judges. In response to this Court's observation that because no hearings have taken place in his cases filed in federal court, there would be no way for the judges to know his race, he responds by way of a flawed syllogism: "Fact, Compton, California is a mostly minority community. You will find few Caucasians in that city. Fact, the prison/jail population in this country is mostly Black men. Fact, that is enough information to be almost certain the petitioner is a Black male."

Unclear is what the relevance of Compton is to Petitioner. Unstated is whether Petitioner is or was a resident of Compton, and if so, it does not automatically follow that he is a minority merely because **most** people who reside in Compton are racial minorities. Likewise with regard to his assertion that most of the incarcerated persons in this country are Black men does not lead to the inescapable conclusion that Petitioner must be Black because he is incarcerated. And perhaps most important is the absence of any facts demonstrating that any of the three judges would find Petitioner's race of any relevance in deciding any issue in his case.

Like his other attempts, the instant motion is both free of facts and bereft of merit.  Therefore, as with his early attempts, the motion is **DENIED**.

**IT IS SO ORDERED.**

DATED:    February 9, 2021

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE