UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:  2:20-cv-09527-MWF-MAA                    Date:  March 11, 2021

Title:   Jared Martin v. R. Fisher, Jr.

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

|                James Muñoz                |                N/A                |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| :---: | :---: |
| N/A | N/A |

**Proceedings (In Chambers):**       **Order to Show Cause Why Petition Should Not Be Dismissed for Lack of Jurisdiction**

### Background

On September 28, 2020, the Court received and filed Petitioner Jared Martin's ("Petitioner") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254") ("Petition"). (Pet., ECF No. 1.)  The Petition alleges eight grounds for federal habeas relief:

Ground 1:  Due process claim based on governmental misconduct, alleging that Petitioner's public defender gave him false information and "tricked [Petitioner] into pleading to the charges[.]"  (*Id.* at 5.)

Ground 2:  Due process claim alleging prosecutorial misconduct based on the prosecutor's decision to press charges despite the lack of victims or witnesses.  (*Id.* at 5–6.)

Ground 3:  Due process and Confrontation Clause claims alleging that Petitioner's attorney did not let him in the courtroom while the victims or witnesses were testifying and told him to plead guilty to a crime he did not commit.  (*Id.* at 6.)

Ground 4:  Actual innocence claim based on Petitioner's allegation that he "never assaulted anyone[.]"  (*Id.*)

Ground 5:  Ineffective assistance of counsel claim alleging that Petitioner plead no contest to the assault charge because his lawyer lied to him.  (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-09527-MWF-MAA                    Date: March 11, 2021

Title:   Jared Martin v. R. Fisher, Jr.

> Ground 6: Duress, based on Petitioner's lawyer's alleged lie that Petitioner's family "had conspired to send him to prison[.]" (*Id.* at 7.)

> Ground 7: Due process claim based on the appellate court's refusal to allow Petitioner to withdraw his plea.[1] (*Id.*)

> Ground 8: A claim that Petitioner's plea was the result of unconstitutional coercion. (*Id.*)

Petitioner attaches documents from state court, including, as relevant to the current Section 2254 petition: a September 2, 2020 habeas petition addressed to the California Supreme Court, (*id.* at 88–99); an excerpt of the Los Angeles Superior Court's docket sheet relating to the criminal judgment Petitioner now challenges (*id.* at 100–13); an August 2020 Los Angeles Superior Court order denying Petitioner's petition for writ of habeas corpus (*id.* at 119–20); and the docket sheet corresponding to this August 2020 order, (*id.* at 121–22).[2]

On November 5, 2020, the Court issued an Order identifying the following procedural defects with the Petition: (1) it was unclear whether Petitioner had adequately exhausted his claims before the California Supreme Court; and (2) the Petition appeared to be barred by the one-year statute of limitations for Section 2254 petitions ("November 5 Order"). (Nov. 5, 2020 Or., ECF No. 5.) The Court ordered Petitioner to respond to these issues no later than December 7, 2020. (*See id.*)

In a filing submitted on November 30, 2020, Petitioner appears to respond to the November 5 Order in the following ways: (1) he argues for an exception to the one-year statute of limitations based on his actual innocence; (2) he explains that he did not realize the constitutional violations

---

[1] Petitioner attached a Los Angeles County Superior Court decision denying his motion to withdraw a plea. (Pet. 114–15.) However, this decision appears to relate to a different criminal conviction with a sentencing date of February 26, 2013 and a case number of BA 403186. (*Id.* at 114, 116.)
[2] The Court takes judicial notice of the state court filings and decisions relating to this conviction. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001) (taking judicial notice of "relevant state court documents" because they "have a direct relationship to" federal habeas proceedings), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-09527-MWF-MAA                          Date:  March 11, 2021

Title:    Jared Martin v. R. Fisher, Jr.

which had occurred at the time of his 2003 plea; and (3) as to exhaustion, he states that the California Supreme Court has asked him to re-submit his state court habeas corpus petition ("November 30 Filing").  (Nov. 30, 2020 Filing, ECF No. 6, at 2–5.)

### Discussion

Without opining on whether Petitioner has cured the exhaustion and statute of limitations issues addressed in the November 5 Order, the Court has identified a jurisdictional barrier to the Petition.  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of federal habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  A federal court may grant relief pursuant to 28 U.S.C. § 2254 to "a person *in custody* pursuant to the judgment of a State court."  28 U.S.C. § 2254(a) (emphasis added).  The "in custody" requirement is a jurisdictional one.  *See Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005).  "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not in themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."  *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *accord Resendiz*, 416 F.3d at 956 ("[F]ederal courts lack jurisdiction over habeas corpus petitions unless the petitioner is 'under the conviction or sentence under attack at the time his petition is filed.'" (quoting *Maleng*, 490 U.S. at 490–91)).

In this case, Petitioner states that he pleaded no contest to one count of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)) on January 13, 2003 and was sentenced to thirty days of county jail and three years of probation.[3]  (Pet. 2.)  Petitioner attached an excerpt of the docket sheet for this case, Los Angeles County Superior Court No. 2CM09670, which confirms that Petitioner pleaded no contest to one count of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)) on January 13, 2003.  (*Id.* at 102–03.)  At that time, the Court suspended imposition of a sentence, but placed Petitioner on summary probation for a period of thirty-six months and ordered him to pay

---

[3] The Court stated in its November 5 Order that Petitioner was sentenced on January 13, 2007. (Nov. 5 Or. 5.)  This date was taken directly from the Petition, which appears to state a January 13, 2007 sentencing date, although Petitioner's handwriting is not clearly legible.  (Pet. 2.)  Petitioner has since stated that he was not in fact sentenced in 2007 but has not clarified his actual sentencing date.  (*See, e.g.*, Nov. 30 Filing 3–4.)  For purposes of this Order, the Court assumes that Petitioner was sentenced on the date he pleaded no contest:  January 13, 2003. (*See* Pet. 2, 103.)  If Petitioner wishes to clarify his sentencing date, he may do so in his response to this Order to Show Cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-09527-MWF-MAA                                    Date:  March 11, 2021

Title:    Jared Martin v. R. Fisher, Jr.

restitution.  (*Id.* at 103.)  This excerpt of the docket sheet also shows that Petitioner failed to appear in court for over a year and was taken into custody on a probation violation in September 2004.  (*Id.* at 103–05.)

Based on the information gleaned from the Petition and attached filings, it appears that Petitioner's sentence for the 2003 conviction has expired.  The Court recognizes that Petitioner currently is in custody pursuant to a separate conviction that he is challenging in a separate Section 2254 proceeding.  *See Martin v. Fisher*, 2:19-cv-10839-MWF-MAA (C.D. Cal. filed Dec. 23, 2019). However, if Petitioner's sentence for the 2003 conviction has expired, Petitioner no longer is "in custody" pursuant to the 2003 criminal judgment, and the Court thus lacks jurisdiction over the instant Petition.

Out of consideration for Petitioner's *pro se* status, the Court will afford Petitioner an opportunity to respond before recommending that the Petition be summarily dismissed for lack of jurisdiction.  Accordingly, Petitioner is **ORDERED** to show cause in writing by no later than **April 12, 2021** why this Court should not recommend dismissal of this action for lack of jurisdiction.

Petitioner may satisfy this Order to Show Cause by filing a written response either (1) conceding that the Court lacks jurisdiction or (2) setting forth additional facts regarding his sentence that would meet his burden to show that he remains "in custody" pursuant to the 2003 conviction.  After the Court receives Petitioner's response, the Court may prepare a Report and Recommendation of dismissal for submission to the District Judge.  This Order to Show Cause is not dispositive of Petitioner's claims for habeas relief.

Instead of filing a response to this Order to Show Cause, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

**Petitioner expressly is cautioned that failure to respond to this Order to Show Cause by April 12, 2021 will result in a recommendation that the Petition be dismissed for lack of jurisdiction, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-09527-MWF-MAA                          Date:  March 11, 2021

Title:     Jared Martin v. R. Fisher, Jr.

       It is so ordered.

<u>Attachments</u>
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))